DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment of conviction and sentence. Steven D. Cross, defendant below and appellant herein, entered a guilty plea to two counts of theft by deception in violation of R.C.2903.02(A)(3), felonies of the fifth degree.
 {¶ 2} Appellant's appointed appellate counsel (1) has advised the court that he has reviewed the record and can discern no meritorious claims for appeal; and (2) under Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, requested to withdraw from the instant case. Additionally, appellant's counsel has assigned one potential assignment of error for this court to consider:
"The trial court may have erred in overruling the defendant/appellant's motion to withdraw his guilty plea pursuant to Rule 32.1 of the Ohio Rules of Criminal Procedure."
 {¶ 3} On October 29, 2003, appellant entered guilty pleas to two counts of theft by deception in violation of R.C.2913.02(A)(3), both fifth degree felonies. At the hearing the parties agreed that appellant was responsible for restitution in excess of four thousand dollars ($1,024 for count one and $3,000 for count two).
 {¶ 4} The prosecution noted that if the appellant paid one-half of the restitution prior to the sentencing hearing, it would recommend a community control sentence. If the appellant failed to make restitution, however, the prosecution advised the court that it would recommend a prison sanction.
 {¶ 5} Prior to accepting appellant's guilty plea, the trial court (1) informed appellant that the court was not bound by any plea agreement and (2) thoroughly addressed appellant's constitutional rights. Thereupon, the court accepted appellant's guilty pleas.
 {¶ 6} At the December 31, 2003 sentencing hearing, appellant maintained that he had in fact paid $1,024 in restitution. The prosecution noted, however, that neither the victims nor the Victim Witness Association Program had received any money. At this juncture, appellant requested to withdraw his guilty pleas and requested ninety days to "prepare." The trial court overruled appellant's request and sentenced him to serve a nine month prison sentence for each count, with both sentences to be served concurrently.
 {¶ 7} Later that same day, the trial court conducted a hearing and determined appellant to be indigent and stated that appellate counsel would be appointed at state expense. Additionally, the court further considered appellant's request to withdraw his guilty pleas. Appellant informed the court that the reason for his request to withdraw his previously entered guilty pleas was as follows:
Simply that, Your Honor, in March of this year 2002, I had someone, or 2003, I had someone take possession of monies that they did not have full rights to, and I had the rights to my money. With my portion of these monies I could have taken care of these matters long ago. An I would have. When you were reading off my income earlier today in court I did not make that much money every month. In fact, I probably made somewhat half that much money. And I made an attempt to make restitution to these people, I paid Mr. Beiler the entire amount instead of spreading it over three different people in order that I could at least eliminate one person completely and half of the other. That would have been at least my desire to have been on probation and to have made restitution so I could pay it weekly to the Victim Witness or where ever in order to take care of these people.
 {¶ 8} The prosecutor opposed appellant's motion for the following reasons:
Yes, Your Honor, just for the record I would like to clarify a few matters why I don't think this motion is well taken. On January 17th, 2003 Mr. Cross was arraigned and at that time was appointed Carol Curren from the City of Greenfield. He filed a motion with the Court pro se wanting to hire his own private counsel. That motion was granted and Miss Curren was relieved, and also the matter was set for pre-trial on July 9th and his trial was continued because of that motion from July 7th to August 14th and 15th, and we had originally had a pre-trial scheduled for July 9th. And it appears at that time a request for continuance of the trial was granted. On March 28th he filed asking for a 90 day continuance. On July 1st he asked for another continuance and asked for a period of 30 days and then it was scheduled for pre-trial in front of Your Honor on July 29th. At that point in time he indicated that he would hire his own counsel and requested an additional 90 days continuance to hire counsel at the time and to make restitution, and the Court ordered him to give the name and address if his counsel to the Court on or before July 31. That did not occur and this trial was continued to October 30th and 31st. Another pre-trial was scheduled on October 3rd where he indicated that he would appear in our office on October 23rd with receipts showing proof of restitution paid in full. That did not occur. The matter and entry filed October 3rd the court said, whereupon the Court being advised that the Defendant had not retained counsel ordered the Defendant either to apply for court appointed counsel today or immediately retain counsel. In the event he did neither he was required to proceed to trial on October 30th without the benefit of counsel. And at that time he indicated to the Court he would not qualify for court appointed counsel, and if necessary he would represent himself. The matter was scheduled for trial on October 30th, and on October 29th the court requested Mr. Cross to appear. And at that time he entered into this plea agreement wherein he entered a guilty plea with the agreement that we had addressed earlier today. All of the continuances in this mater were at the request of the Defendant for the purpose of retaining counsel and or indicating that he needed time to prepare his own case and represent himself. The reason given that he couldn't get the money paid for restitution was because somebody else had it does not go to whether or not the plea agreement was entered into voluntarily. And there has been no showing it was not entered into voluntarily. This Court specifically asked him when he entered into that plea did he voluntarily do that, and he answered in the affirmative. And we believe pursuant to the rules there have been no showing of any grounds for him to withdraw his guilty plea at this time.
 {¶ 9} Appellant responded that he did not intend "to drag this matter out," and if it had not been for "monies being improperly held form [sic] me and my entitlement to them then I would have already done so."
 {¶ 10} After hearing the basis for appellant's request, the court overruled appellant's motion. The court determined that no "reasonable legitimate plausible basis" existed for a plea withdrawal. This appeal followed.
 {¶ 11} After our independent review of the record, we agree with counsel's assessment that no meritorious claim exists upon which to predicate an appeal. Thus, (1) we grant counsel's request to withdraw; (2) we find the appeal in the case sub judice wholly frivolous under Anders; and (3) we affirm the trial court's judgment.
 {¶ 12} Initially, we note that in Anders the United States Supreme Court held that if counsel determines, after a thorough and conscientious examination of the record, that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Furthermore, counsel must accompany the request with a brief that identifies anything in the record that could arguably support the appeal. Id. Counsel must also furnish the appellant with a copy of the brief and allow the client sufficient time to raise any matters that the client chooses. Id. Once these requirements have been satisfied, the appellate court must fully examine the trial court proceedings to determine if meritorious issues exist. If the appellate court determines that the appeal is frivolous, it may either grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. Id.
 {¶ 13} In the case sub judice, appellant's appointed counsel satisfied the Anders requirements and appellant has opted to not file a pro se brief. Accordingly, we will examine appointed counsel's potential assignment of error and the entire record to determine if this appeal lacks merit.
 {¶ 14} Crim.R. 32.1 governs the withdrawing of a guilty plea. The rule provides:
A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
 {¶ 15} A motion to withdraw a guilty plea filed prior to sentencing should be "freely and liberally granted." State v.Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715, 719. However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Rather, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. A defendant's change of heart or mistaken belief about his guilty plea does not constitute a legitimate basis that requires the court to permit the defendant to withdraw his guilty plea. State v. Lambros
(1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632; see, also,State v. Ausman (Sept. 20, 2000), Ross App. No. 00 CA 2550, unreported; State v. Stufflebean (June 10, 1998), Athens App. No. 97 CA 40, unreported.
 {¶ 16} Whether the circumstances justify granting the defendant's request to withdraw a guilty plea is a matter committed to the sound discretion of the trial court. Xie,
paragraph two of the syllabus. Thus, absent an abuse of discretion, a reviewing court will not reverse a trial court's decision regarding a motion to withdraw a guilty plea. "`Unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.'" Id., 62 Ohio St.3d at 526,584 N.E.2d at 719 (quoting Barker v. United States [C.A.10, 1978],579 F.2d 1219, 1223). When applying the abuse of discretion standard, a reviewing court is not free to substitute its judgment for that of the trial court. In re Jane Doe 1 (1991),57 Ohio St.3d 135, 566 N.E.2d 1181 (citing Berk v. Matthews
[1990], 53 Ohio St.3d 161, 559 N.E.2d 1301).
 {¶ 17} In the case at bar, we find no abuse of the trial court's discretion. We agree with the trial court that appellant's reasons for failing to make timely restitution to the victims of the offenses do not provide a legitimate basis for withdrawing the guilty pleas. Appellant has not provided any credible evidence to prove that his plea failed to satisfy the knowing, intelligent, and voluntary requirements. Therefore, appellant's reasons for a plea withdrawal are without merit.
 {¶ 18} Accordingly, after our review of counsel's potential assignment of error, and after our independent review, we agree with counsel that no meritious issues exist under this assignment of error.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed. Appellee shall recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion.