ABELE, J.
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. The trial court found Michael J. Howard, defendant below and appellant herein, guilty of second-degree-felony possession of heroin and fourth-degree-felony possession of cocaine, both in violation of R.C. 2925.11(A). The court sentenced appellant to serve a total of nine-and-one-half years in prison. Appellant assigns the following errors for review:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED
*113 TO PROPERLY CONSIDER AND GRANT APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCED [SIC] ALLOWED BY LAW."
THIRD ASSIGNMENT OF ERROR:
"THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO SUPPRESS."
{¶ 2} On July 16, 2015, a Scioto County grand jury returned an indictment that charged appellant with four drug-related offenses. Appellant entered not guilty pleas and later filed a motion to suppress evidence. The trial court overruled appellant's motion to suppress evidence.
{¶ 3} On January 6, 2016, appellant agreed to plead guilty to possession of heroin (a second-degree felony) and possession of cocaine (a fourth-degree felony), both in violation of R.C. 2925.11(A). At the change of plea hearing, the trial court initially noted:
The record should further reflect that it's a negotiated plea, pursuant to Section 2953.08(D) and Criminal Rule 11(F), that as long as [appellant] abides by his conditions of bond when he returns here for sentencing February 17 * * * he'll receive a four year mandatory prison term [for the possession of heroin offense], and on the [possession of cocaine offense], an 18 month prison-non-mandatory prison term, for a total of five-five and a half years. If he fails to abide by his conditions of bond he'll receive a nine and one half year prison term.
Both defense counsel and appellant concurred that the court accurately recited their understanding of the agreement.
{¶ 4} The trial court asked appellant if he understood that "by proceeding in this fashion, * * * you're waiving your right to appeal[.]" Appellant indicated that he understood. The court observed that appellant had signed a document entitled, "Waiver," and questioned appellant whether he signed the Waiver. Appellant responded affirmatively. The document indicates that the court advised appellant of the charges against him, the penalty provided by law, his rights under the constitution, including the right to a jury trial, the right to confront witnesses, the right to compulsory process, and the right to require the state to prove his guilt beyond a reasonable doubt. The document additionally recites that "[n]o promises, threats or inducements have been made to me by anyone to secure my plea of guilty."
{¶ 5} In addition to asking appellant about the written form, the trial court verbally questioned appellant whether he understood that pleading guilty waives his right to a jury trial, his right to confront witnesses, his right to compulsory process, and his right to require the state to prove his guilt beyond a reasonable doubt. Appellant responded that he understood and further stated that he understood that he could not be made to testify against himself.
{¶ 6} The trial court next reviewed the maximum penalties and informed appellant that a fourth-degree felony carries a maximum prison term of eighteen months and a $5,000 maximum fine, and that a second-degree felony carries a maximum prison term of eight years and a $15,000 maximum fine. Appellant indicated that he understood the maximum penalties. Appellant also signed two documents entitled, "Maximum Penalty." One document outlined *114 the maximum penalty for appellant's possession of cocaine offense, and the other set forth the maximum penalty for appellant's possession of heroin offense.
{¶ 7} After the trial court explained post-release control, the court asked appellant if he was "satisfied with the efforts of [his] lawyer." Appellant answered, "Yes." The court asked appellant: "Other than what's been stated on the record here today, has anybody made any additional promises, threats, or inducements in order to get you to change your plea to guilty?" Appellant responded, "No."
{¶ 8} The trial court next asked appellant, "how do you plea?" Appellant answered, "No contest." Defense counsel interjected, "Guilty." The trial court stated, "No, that won't get it." Appellant then stated, "No, guilty. Guilty." The court again asked him his plea, and appellant stated, "Guilty."
{¶ 9} The trial court subsequently accepted appellant's guilty plea and scheduled the sentencing hearing for February 17, 2016.
{¶ 10} However, prior to the sentencing hearing, appellant took a drug test, tested positive for THC and fled the jurisdiction. Appellant later was apprehended in the State of Nevada.
{¶ 11} On June 23, 2016, appellant, through new counsel, filed a motion to withdraw his guilty plea. He claimed that when he entered his guilty plea, "he was in distress * * *, acted out of fear and panic, was confused in his thought process, and prematurely entered a guilty plea." Appellant contended that "his judgement was impaired when he entered his guilty plea [due] to emotions of fear, panic, and confusion." He asserted that "he did not have any other choice but to accept a plea deal in this case, despite significant misgivings about accepting the same." He thus argued that his plea was not knowing and voluntary.
{¶ 12} On June 23, 2016, the trial court held the sentencing hearing. The court noted that appellant did not appear as scheduled for the February 17, 2016 sentencing hearing. The court pointed out that appellant appeared late, tested positive for THC, and fled the jurisdiction.
{¶ 13} Before the trial court proceeded with the sentencing hearing, defense counsel addressed appellant's motion to withdraw his guilty plea. Appellant's counsel asserted that appellant will testify that
he was basically told he had no option but to plea, that he was scared into this. He was confused, and therefore, that's why he did. * * * He's explained to me the full background of what happened. So he feels as though there are many legitimate grounds to grant a withdraw[al] of his plea based on his prior interactions with his previous counsel.
{¶ 14} Appellant took the stand and testified that he tried to plead "no contest," but the court would not allow it. Appellant spoke with his counsel, and counsel informed him that he has "to enter a guilty plea. That was part of the deal." Appellant stated that he believed that he should be permitted to withdraw his plea because his previous defense counsel pressured him to accept the state's plea offer. Appellant claimed that his previous counsel stated:
"This is the best deal. I've seen people" * * * get more for less. Take this deal. You know, if you want to see your daughter, you want to get out, take this deal. And I was just like, what, I couldn't believe it like the amount of evidence that was-that was being held against me or whatever and by me never being in prison, never, you know, I just couldn't understand it. He was like, "Well, take it or you're going to get eight years or something."
*115 Appellant stated that he "was scared like shit" and did not believe that he really had a choice.
{¶ 15} The state cross-examined appellant and asked him whether he wished to withdraw his plea because he believes "the sentence [he] agreed to was too harsh." Appellant responded, "Not necessar[il]y too harsh[;] it was just I was coerced into believing that I have no other option."
{¶ 16} After consideration, the trial court overruled appellant's motion to withdraw his guilty plea and found that appellant had entered his guilty plea in a knowing, intelligent, and voluntary manner. The court then proceeded to sentencing and stated:
[O]n January 6, 2016, [appellant] entered a negotiated plea, which he absolutely recognized was not appealable. He was told he would get a four year mandatory prison term on the felony two, Possession of Heroin, 18 months non-mandatory on the Possession of Cocaine, and also I told him very clearly if he failed to abide to his conditions of bond he'd get nine and one half years.
{¶ 17} The trial court recited that it considered the record, the oral statements, as well as the purposes and principles of sentencing set forth in R.C. 2929.11(A), (B), and (C), and the seriousness and recidivism factors set forth in R.C. 2929.12(B), (C), (D), and (E). The court further indicated that it considered R.C. 2929.13(B). The court found, after weighing the seriousness and recidivism factors, that prison is consistent with the purposes of principles of sentencing and that appellant is not amenable to community control sanctions. The court additionally determined that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (2) appellant's criminal history shows that consecutive terms are necessary to protect the public from future crime. The court next indicated that the sentence is
a jointly recommended and agreed sentence by the Defendant and the State of Ohio that if he failed to abide by his conditions of bond he'd receive a mandatory eight year prison term on the felony of the second degree, and an 18 month non-mandatory prison term[ ] on the felony of the fourth degree, running consecutively with each other, for an aggregate nine and one half year prison term.
{¶ 18} The court thus sentenced appellant to serve eight years in prison for his possession of heroin conviction and eighteen months in prison for his possession of cocaine conviction. The court also ordered appellant to serve the sentences consecutively to one another, for a total of nine years and six months in prison.[1] This appeal followed.
I
MOTION TO WITHDRAW GUILTY PLEA
{¶ 19} In his first assignment of error, appellant argues that the trial court abused its discretion by overruling his motion to withdraw his guilty plea.
A
STANDARD OF REVIEW
{¶ 20} Initially, we note that trial courts possess discretion when deciding whether to grant or to deny a presentence motion to withdraw a guilty plea. E.g., *116 State v. Xie , 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph two of the syllabus. Thus, absent an abuse of discretion, appellate courts will not disturb a trial court's ruling concerning a motion to withdraw a guilty plea. Id. at 527, 584 N.E.2d 715. An "abuse of discretion" means that the court acted in an " 'unreasonable, arbitrary, or unconscionable' " manner or employed " 'a view or action that no conscientious judge could honestly have taken.' " State v. Kirkland , 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67, quoting State v. Brady , 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23. Moreover, a trial court generally abuses its discretion when it fails to engage in a " 'sound reasoning process.' " State v. Morris , 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp. , 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Additionally, "[a]buse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." State v. Darmond , 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.
B
CRIM.R. 32.1
{¶ 21} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1 thus permits a defendant to file a motion to withdraw a guilty plea before sentence is imposed. While trial courts should "freely and liberally" grant a presentence motion to withdraw a guilty plea, a defendant does not "have an absolute right to withdraw a guilty plea prior to sentencing." Xie , 62 Ohio St.3d at 527, 584 N.E.2d 715 ; accord State v. Ketterer , 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 57 ; State v. Spivey , 81 Ohio St.3d 405, 415, 692 N.E.2d 151 (1998) ; State v. Wolfson , 4th Dist. Lawrence No. 02CA28, 2003-Ohio-4440, 2003 WL 21995244, ¶ 14. Instead, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Xie at paragraph one of the syllabus; accord State v. Boswell , 121 Ohio St.3d 575, 906 N.E.2d 422, 2009-Ohio-1577, ¶ 10, superseded by statute on other grounds as stated in State v. Singleton , 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958.
{¶ 22} While a trial court possesses discretion to determine whether to grant or to deny a presentence motion to withdraw a guilty plea, it does not have discretion to determine if a hearing is required. See Wolfson at ¶ 15. Instead, a trial court has a mandatory duty to hold a hearing regarding a presentence motion to withdraw a guilty plea. Xie at paragraph one of the syllabus; State v. Leonhart , 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, 2014 WL 7251568, ¶ 50 ; State v. Burchett , 4th Dist. Scioto No. 11CA3445, 2013-Ohio-1815, 2013 WL 1867629, ¶ 13 ; State v. Davis , 4th Dist. Lawrence No. 05CA9, 2005-Ohio-5015, 2005 WL 2327600, ¶ 9 ; Wolfson at ¶ 15 ; State v. Wright , 4th Dist. Highland No. 94CA853, 1995 WL 368319 (June 19, 1995).
{¶ 23} In the case sub judice, appellant has not argued that the trial court failed to hold a hearing concerning his presentence motion to withdraw his guilty plea. We therefore do not address this issue. Instead, appellant contends that the trial court abused its discretion when it ruled on the merits of his motion.
{¶ 24} This court and others have identified nine factors that appellate courts should consider when reviewing a *117 trial court's decision regarding a presentence motion to withdraw a guilty plea: (1) whether "highly competent counsel" represented the defendant; (2) whether the trial court afforded the defendant "a full Crim.R. 11 hearing before entering the plea"; (3) whether the trial court held "a full hearing" regarding the defendant's motion to withdraw; (4) "whether the trial court gave full and fair consideration to the motion"; (5) whether the defendant filed the motion within a reasonable time; (6) whether the defendant's motion gave specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges, the possible penalties, and the consequences of his plea; (8) whether the defendant is "perhaps not guilty or ha[s] a complete defense to the charges"; and (9) whether permitting the defendant to withdraw his plea will prejudice the state. State v. McNeil , 146 Ohio App.3d 173, 176, 765 N.E.2d 884 (1st Dist. 2001), citing State v. Peterseim , 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist. 1980), and State v. Fish , 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist. 1995) ; e.g., State v. Jones , 10th Dist. Franklin No. 15AP-530, 2016-Ohio-951, 2016 WL 916609, ¶ 14 ; State v. Campbell , 4th Dist. Athens No. 08CA31, 2009-Ohio-4992, ¶ 7, 2009 WL 3042045 ; State v. Harmon , 4th Dist. Pickaway No. 04CA22, 2005-Ohio-1974, 2005 WL 983245, ¶ 22 ; State v. Littlefield , 4th Dist. Ross No. 03CA2747, 2004-Ohio-5996, ¶ 9 and 12, 2004 WL 2569445 (recognizing that "[w]hether the state will suffer prejudice if a motion to withdraw a guilty plea is granted is an important factor," but "is not the only factor"). " 'Consideration of the factors is a balancing test, and no one factor is conclusive.' " Jones at ¶ 14, quoting State v. Zimmerman , 10th Dist. Franklin No. 09AP-866, 2010-Ohio-4087, ¶ 13, 2010 WL 3405746 ; accord State v. Crawford , 2nd Dist. Montgomery No. 27046, 2017-Ohio-308, 2017 WL 390253, ¶ 12. "The ultimate question is whether there exists a 'reasonable and legitimate basis for the withdrawal of the plea.' " State v. Delpinal , 2nd Dist. Clark Nos. 2015-CA-97 and 2015CA98, 2016Ohio5646, 2016 WL 4591376, 9, 2016 WL 4591376, quoting Xie , 62 Ohio St.3d at 527, 584 N.E.2d 715 ; accord Crawford at ¶ 12. A mere change of heart is not a legitimate and reasonable basis for the withdrawal of a plea. E.g., Campbell at ¶ 7 ; Harmon at ¶ 22.
{¶ 25} In the case at bar, appellant claims that applying the foregoing factors yields the following results: (1) the state will not suffer prejudice if appellant is allowed to withdraw his plea (2) appellant's counsel was deficient because appellant was coerced and forced to take a plea, (3) the Crim.R. 11 hearing was sufficient, (4) the hearing on the withdrawal motion occurred immediately before sentencing, (5) the court did not give full and fair consideration to the motion, (6) the motion "was reasonable as it was made prior to sentencing and for good reason," (7) the reason for the motion was that appellant's trial counsel coerced him into accepting the plea, (8) it is uncertain whether appellant fully understood the nature of the charges and the sentence, and "he was confused by what plea he was * * * allowed to enter," and (9) "Appellant had defenses to the charges against him as this was a constructive possession case and Appellant only admitted to knowledge of the marijuana in the vehicle."
1
Prejudice to the State
{¶ 26} We initially agree with appellant that any prejudice the state would suffer if the court permitted appellant to withdraw his guilty plea appears to be minimal. The state has not argued that it would suffer *118 any prejudice "beyond the ordinary impact of any defendant's subsequent withdrawal of a guilty plea." State v. Harris , 10th Dist. Franklin No. 09AP-1111, 2010-Ohio-4127, ¶ 26, 2010 WL 3443173. Thus, this factors weighs in favor of granting appellant's motion.
2
Highly Competent Counsel
{¶ 27} Appellant claims that his trial counsel performed deficiently by forcing him to accept the state's plea offer. He points out that he presented uncontroverted testimony at the plea withdrawal hearing that his trial counsel pressured him into accepting the plea agreement.
{¶ 28} In State v. Ganguly , 2015-Ohio-845, 29 N.E.3d 375 (10th Dist.), the defendant similarly testified at the plea withdrawal hearing that he felt "extreme pressure" from his trial counsel to accept the plea agreement. Id. at ¶ 17. The appellate court recognized that the defendant's "statement taken on its face would make the [highly competent counsel] factor weigh heavily in [the defendant]'s favor." Id. The court further noted, however, that the trial court explicitly indicated that it did not believe the defendant's testimony at the plea withdrawal hearing. The appellate court pointed out that the trial court observed the defendant at both the Crim.R. 11 hearing when he entered his plea and at the plea withdrawal hearing. The court thus determined that "the trial court was in the best position to determine [the defendant]'s motivation to enter his plea initially and his credibility at the subsequent plea withdrawal hearing." Id. , citing State v. Burris , 10th Dist. Franklin No. 13AP-238, 2013-Ohio-5108, 2013 WL 6095885, ¶ 18, and State v. Watkins , 10th Dist. Franklin No. 13AP-133, 2013-Ohio-5544, 2013 WL 6708397, ¶ 11, reversed on other grounds, 150 Ohio St.3d 366, 2016-Ohio-8464, 81 N.E.3d 1241 (noting that "the trial court is in the best position to evaluate both the motivation of the defendant in pleading guilty and the credibility and weight to be given to the reasons offered for seeking withdrawal of the plea").
{¶ 29} Likewise, in the case sub judice, the trial court observed appellant at both the change of plea hearing and at the withdrawal hearing. The trial court was entitled to evaluate whether appellant was truthful at the withdrawal hearing when he claimed trial counsel coerced him, or whether he was truthful at the change of plea hearing when he specifically denied that any pressure or coercion induced his guilty plea. The trial court therefore was not obligated to credit appellant's testimony that trial counsel coerced him into accepting the plea agreement.
{¶ 30} We also point out that generally, " 'an attorney's advice to take a plea deal is not ineffective assistance of counsel.' " State v. Robinson , 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 23, 2013 WL 6835153, quoting State v. Shugart , 7th Dist. Mahoning No. 08MA238, 2009-Ohio-6807, ¶ 37, 2009 WL 4986109. Moreover, during the change of plea hearing, appellant stated that he was he was satisfied with his trial counsel and denied that anyone had coerced him into pleading guilty. His written "Waiver" also recites that "[n]o promises, threats or inducements have been made to me by anyone to secure my plea of guilty." Thus, appellant's claims that trial counsel performed deficiently or coerced him into pleading guilty strongly weigh against allowing him to withdraw his guilty plea. See State v. Miller , 12th Dist. Clermont No. CA2016-08-057, 2017-Ohio-2801, 2017 WL 2241597, ¶ 23 (determining that trial court did not abuse its discretion by denying postsentence *119 motion to withdraw guilty plea based upon alleged ineffectiveness of counsel when defendant acknowledged satisfaction with defense counsel and denied, at change of plea hearing, that anyone coerced him into pleading guilty); State v. Rance , 8th Dist. Cuyahoga No. 104619, 2017-Ohio-1446, 2017 WL 1407310, ¶ 16 (rejecting defendant's claim that trial counsel provided ineffective assistance by allegedly coercing defendant into pleading guilty when plea hearing transcript reflected that defendant was satisfied with trial counsel's representation and denied that he had been coerced or forced to plead guilty); State v. Williams , 2nd Dist. Montgomery No. 26635, 2016-Ohio-5655, 2016 WL 4594765, ¶ 18-19 (determining that trial court did not abuse its discretion by overruling motion to withdraw guilty plea based upon trial counsel's alleged coercion when record did not support defendant's claim that he felt pressured to plead guilty); State v. McCarty , 11th Dist. Portage No. 2015-P-0064, 2016-Ohio-4734, 2016 WL 3574298, ¶ 40 (concluding that defendant not entitled to withdraw guilty plea even though defendant claimed trial counsel employed "scare tactics" to induce guilty plea and noting that at change of plea hearing, defendant denied that anyone had coerced him into pleading guilty); State v. Montgomery , 8th Dist. Cuyahoga No. 103398, 2016-Ohio-2943, 2016 WL 2757703, ¶¶ 7-9 (concluding that trial court did not abuse its discretion by overruling postsentence motion to withdraw guilty plea based upon defendant's claim that trial counsel coerced him into pleading guilty when plea hearing transcript shows that defendant denied anyone coerced him into pleading guilty and that he was satisfied with counsel's performance); State v. Pringle , 12th Dist. Brown No. CA2015-08-023, 2016-Ohio-1149, 2016 WL 1090961, ¶ 11 (stating that "[e]ven if defense counsel in fact urged [the defendant] to accept the deal, such insistence does not constitute coercion"); State v. Campbell , 8th Dist. Cuyahoga No. 102788, 2016-Ohio-389, 2016 WL 529736, ¶¶ 18-20 (rejecting defendant's argument that he did not voluntarily enter guilty plea when defendant stated at plea hearing that he felt he had "no choice" but to plead guilty); see also State v. Kapper , 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983) (finding "persuasive" the state's argument that a defendant's self-serving declarations or affidavit alleging a coerced guilty plea is insufficient to rebut the record showing that his plea was voluntary, but an affidavit from the court, prosecutor or defense counsel alleging a defect in the plea process may rebut the record).
3
Crim.R. 11 Hearing
{¶ 31} Appellant agrees that the Crim.R. 11"plea hearing was sufficient." We therefore do not deem it necessary to address this factor in any detail. We note, however, that the trial court's compliance with Crim.R. 11 weighs against granting appellant's motion.
4
Full Hearing and Full and Fair Consideration
{¶ 32} Appellant observes that the trial court held the plea withdrawal hearing immediately before the sentencing hearing and asserts that the court failed to give his plea withdrawal motion full and fair consideration. We do not agree with appellant that the trial court failed to afford him a full hearing or failed to give his motion full and fair consideration.
{¶ 33} Although the trial court held the plea withdrawal hearing immediately before the sentencing hearing, the court permitted appellant to present argument and *120 testimony. The court did not deny appellant the opportunity to be heard. See Jones , supra at ¶ 23 (noting that trial court gave the defendant "a full opportunity to be heard on the motion"). We thus believe that the trial court afforded appellant a full hearing.
{¶ 34} Furthermore, while the trial court may have ruled upon appellant's withdrawal motion in an expedient fashion, the court's expediency does not necessarily show that the court failed to give the motion full and fair consideration. Instead, based upon the testimony appellant presented at the plea withdrawal hearing-contrasted with his statements at the change of plea hearing-the court rationally could have determined that appellant's motion lacked merit.
{¶ 35} We also recognize appellant's claim that the trial court's failure to analyze the nine factors appellate courts review when considering whether a trial court abused its discretion by denying a presentence motion to withdraw a guilty plea demonstrates that the court failed to give his motion full and fair consideration. This court and others have indicated, however, that those nine factors apply on appellate review and not necessarily when the trial court reviews the motion in the first instance. E.g., State v. Coleman , 4th Dist. Ross Nos. 16CA3555, 3556, 3557, and 3558, 2017-Ohio-2826, 2017 WL 2241608, ¶ 25 ("We have previously set forth a list of factors that we consider when determining whether a trial court abused its discretion by denying a presentence motion to withdraw a plea"); State v. Becraft , 2nd Dist. Clark No. 2016-CA-9, 2017-Ohio-1464, 2017 WL 1422881, ¶ 53 ("In evaluating whether a trial court has abused its discretion in overruling a presentence motion to withdraw a plea, this court has adopted the following nine factors * * * *"); State v. Johnson , 10th Dist. Franklin No. 15AP-946, 79 N.E.3d 1202, 2016-Ohio-8494, ¶ 6 ("We consider a number of non-exhaustive factors in determining whether a trial court abused its discretion by denying a presentence motion to withdraw"). While some of the nine factors may be relevant for trial courts to consider when evaluating a presentence motion to withdraw a guilty plea, appellant does not cite any authority that requires a trial court to engage in a factor-by-factor analysis that explains its reasoning for denying a presentence motion to withdraw a guilty plea.
{¶ 36} We therefore disagree with appellant that the trial court failed to give appellant a full hearing or failed to give full and fair consideration to his motion. Consequently, this factor weighs against granting appellant's motion.
6
Reasonable Time
{¶ 37} Appellant asserts that because he filed his plea withdrawal motion before sentencing, he filed it within a reasonable time and "for good reason." As the state asserts, however, the timing of appellant's motion raises suspicions about appellant's motivation in seeking to withdraw his plea. The state observes that appellant did not seek to withdraw his plea before the date that the court originally set for sentencing-February 17, 2016. Instead, appellant fled the jurisdiction and filed his withdrawal motion following his apprehension in the State of Nevada and only about an hour and one-half before the rescheduled sentencing hearing. Thus, the trial court could have determined that the timing of appellant's motion-made not before the originally-scheduled sentencing hearing, but rather, made after his apprehension and immediately before the rescheduled sentencing hearing-suggested that appellant's motivation for seeking to withdraw his plea was based upon the harsher prison *121 sentence he faced for violating the conditions of his bond. See State v. Bush , 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14, quoting State v. Smith , 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph three of the syllabus (stating that an " 'undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion' ").
{¶ 38} Consequently, this factor weighs against granting the motion.
7
Specific Reasons for Withdrawal
{¶ 39} Appellant set forth a specific reason for asking the court to allow him to withdraw his plea. He claimed that trial counsel coerced him into accepting the plea agreement.
8
The Nature of the Charges and the Possible Penalties
{¶ 40} Appellant argues "that it is uncertain as to whether [he] fully understood the nature of the charges and the sentence, as he was confused by what plea he was allowed to enter." The record, however, fails to support appellant's claim that he did not fully understand the nature of the charges and the possible penalties. Appellant signed a written document stating that the court had advised him of the nature of the charges and the maximum penalties. Appellant signed additional documents that specifically set forth the maximum penalties applicable to each offense. At the plea hearing, the court asked appellant if he understood the maximum penalties the court could impose, and appellant stated that he understood.
{¶ 41} While we do recognize that appellant attempted to plead no contest, appellant has not developed a specific argument on appeal that he did not understand the difference between a no-contest plea and a guilty plea, or that he thought he would be able to enter a no-contest plea and still have the state honor the plea agreement. In fact, the record suggests that the plea agreement, while not included in written form in the trial court record,[2] required appellant to plead guilty. After appellant stated that he pled "no contest," trial counsel interjected, "Guilty," and the trial court informed appellant that pleading "no contest" would not suffice. Trial counsel's interjection and the trial court's statements indicate that a guilty plea was a condition of the plea agreement.[3] Additionally, the "Waiver" that appellant signed and that the court referred to during the change of plea hearing stated that appellant entered "a plea of guilty."
{¶ 42} Accordingly, this factor weighs against granting appellant's motion.
9
Possible Defenses or Innocence
{¶ 43} Appellant asserts that "this was a constructive possession case and Appellant only admitted to knowledge of the marijuana *122 in the vehicle." The underlying facts are not fully developed, and we thus are unable to completely evaluate the validity of this claimed defense.
10
Balancing
{¶ 44} After balancing all of the foregoing factors, we do not believe that the trial court abused its discretion by denying appellant's motion to withdraw his guilty plea. Instead, this appears to be "a classic change of heart case." State v. Frye , 4th Dist. Scioto No. 14CA3604, 2014-Ohio-5016, 2014 WL 5812263, ¶ 18 ; e.g., State v. Coleman , 4th Dist. Ross Nos. 16CA3555, 16CA3556, 16CA3557, and 16CA3558, 2017Ohio2826, ¶25, 2017 WL 2241608 ; State v. Cross , 4th Dist. Highland No. 04CA1, 2004-Ohio-4360, 2004 WL 1857111, ¶ 15, citing State v. Lambros , 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist. 1988) ("A defendant's change of heart * * * does not constitute a legitimate basis that requires the court to permit the defendant to withdraw his guilty plea"). We again point out that appellant did not seek to withdraw his guilty plea-or claim that he was confused whether he could enter a no-contest plea-before the originally scheduled February 17, 2016 sentencing date. Instead, appellant did not file his withdrawal motion until six months after the change of plea hearing. In the interim, appellant violated the conditions of his bond and fled the jurisdiction. Appellant filed his withdrawal motion immediately before the rescheduled sentencing hearing. These factors strongly suggest that appellant's plea withdrawal motion was a last-ditch attempt to avoid the harsher prison sentence he faced for violating the conditions of his bond. See Bush, supra. Consequently, we do not believe that the trial court abused its discretion by denying appellant's presentence motion to withdraw his guilty plea.
{¶ 45} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
II
SENTENCING
{¶ 46} In his second assignment of error, appellant asserts that the trial court abused its discretion by sentencing him to the maximum term of imprisonment, nine and one-half years. Appellant recognizes that the trial court imposed the nine-and-one-half-year prison term due to appellant's violation of the conditions of his bond, but argues that violating the conditions of his bond is not a sufficient reason to impose the maximum sentence. Appellant further contends that the trial court plainly erred by failing to determine whether the offenses merged for purposes of sentencing.
{¶ 47} The state asserts that the trial court imposed a jointly-recommended sentence and that R.C. 2953.08(D)(1) thus precludes appellant from appealing his sentence.
A
STANDARD OF REVIEW
{¶ 48} Initially, we reject appellant's argument that we review a trial court's felony sentence using the abuse-of-discretion standard of review. In State v. Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10, the court held "that appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." Accord State v. Campbell , 4th Dist. Adams No. 15CA1012, 2016-Ohio-415, ¶ 11, 2016 WL 527207. Additionally, R.C. 2953.08(G)(2) explicitly states that an "appellate court's standard for review *123 [when considering sentencing-term challenges] is not whether the sentencing court abused its discretion." Instead, the statute states that reviewing courts may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings" under certain statutory provisions, or (2) "the sentence is otherwise contrary to law." Accord State v. Pulliam , 4th Dist. Scioto No. 16CA3759, 2017-Ohio-127, 2017 WL 132681, ¶ 6 ; State v. Perry , 4th Dist. Pike No. 16CA863, 2017-Ohio-69, 2017 WL 105959, ¶ 13. Thus, appellant's assertion that we apply the abuse-of-discretion standard when reviewing trial court felony sentencing decisions is incorrect.
B
JOINTLY-RECOMMENDED SENTENCES
{¶ 49} In addition to the R.C. 2953.08(G)(2) limitations on appellate review, R.C. 2953.08(D)(1) states that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Consequently, an appellate court lacks the authority to review a jointly-recommended sentence that "is authorized by law" and that "is imposed by a sentencing judge." Therefore, in the case sub judice, we cannot review appellant's felony sentence if it was (1) jointly recommended, (2) authorized by law, and (3) imposed by the sentencing judge. State v. Underwood , 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16.
1
Jointly Recommended
{¶ 50} Our review of the record suggests that appellant and the state jointly recommended a nine-and-one-half-year prison sentence, if appellant violated the conditions of his bond. The plea agreement is not in writing, but the transcripts of the plea and sentencing hearings show that the trial court referred to the sentence the court would impose, if appellant violated the conditions of his bond, as a jointly-recommended sentence. At the plea hearing, the trial court read its understanding of the parties' jointly-recommended sentence into the record:
The record should further reflect that it's a negotiated plea, pursuant to Section 2953.08(D) and Criminal Rule 11(F), that as long as [appellant] abides by his conditions of bond when he returns here for sentencing February 17 * * * he'll receive a four year mandatory prison term [for the possession of heroin offense], and on the [possession of cocaine offense], an 18 month prison-non-mandatory prison term, for a total of five-five and a half years. If he fails to abide by his conditions of bond he'll receive a nine and one half year prison term.
Both appellant and his defense counsel stated that the court accurately recounted their understanding of the agreement.
{¶ 51} At the sentencing hearing, the court stated:
[Appellant's] sentence, pursuant to Section 2953.08(D), was a jointly *124 recommended and agreed sentence by the Defendant and the State of Ohio that if he failed to abide by his conditions of bond he'd receive a mandatory eight year prison term on the felony of the second degree, and an 18 month non-mandatory prison term[ ] on the felony of the fourth degree, running consecutively with each other, for an aggregate nine and one half year prison term.
Additionally, the court's sentencing entry reads:
This sentence, pursuant to Ohio Revised Code Section 2953.08(D), is a jointly recommended and agreed sentence for a total net mandatory sentence of eight (8) years on Count 3, and eighteen (18) months on Count 4. Said sentences shall run consecutively with each other, for a total aggregate sentence of nine (9) years and six (6) months, with eight (8) years being mandatory.
{¶ 52} The trial court's statements reflect that the nine-and-one-half-year prison term appellant would receive, if he violated the conditions of his bond, was part of the negotiated plea and that the state and appellant jointly recommended it. Furthermore, when the court asked appellant and his trial counsel at the plea hearing if the court accurately recited their understanding of the plea agreement, which included a statement that appellant would receive a nine-and-one-half year prison term if he violated the conditions of his bond, both appellant and trial counsel stated that the court did. We therefore believe that the record indicates that the parties jointly recommended the nine-and-one-half-year prison sentence, if appellant violated the conditions of his bond.
2
Authorized By Law
{¶ 53} Additionally, appellant's nine-and-one-half-year prison sentence is authorized by law. "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." State v. Sergent , 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 26, quoting Underwood at paragraph two of the syllabus. Appellant entered guilty pleas to one fourth-degree felony and one second-degree felony. R.C. 2929.14(A)(4) authorizes a prison term between six and eighteen months for a fourth-degree felony. R.C. 2929.14(A)(2) authorizes a prison term between two and eight years for a second-degree felony. R.C. 2929.14(A)(4) and (2) thus authorize the eight-year and eighteen-month prison terms that the court imposed.
{¶ 54} Furthermore, R.C. 2929.14(C)(4) permits, but does not require, a trial court to impose consecutive sentences.[4] R.C. 2929.14(C)(4) thus is not a mandatory sentencing provision. See Sergent at ¶ 28-30. Accordingly, the absence of discretionary consecutive-sentence findings does not render a jointly- recommended sentence that includes nonmandatory consecutive sentences unauthorized by law. Id. at ¶ 30. Instead, the parties' agreement obviates the need for R.C. 2929.14(C)(4) findings. Id. at ¶ 42. Thus, *125 even when a trial judge fails to make the statutorily-defined consecutive-sentence findings, the jointly-recommended sentence is nevertheless "authorized by law," and therefore, not appealable pursuant to R.C. 2953.08(D)(1). Id. ; accord State v. Porterfield , 106 Ohio St.3d 5, 829 N.E.2d 690, 2005-Ohio-3095, ¶ 25, 2005 WL 1458659 ("Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence."); State v. Coleman , 4th Dist. Highland No. 16CA11, 2017-Ohio-1067, 2017 WL 1103571, ¶ 8 ; State v. Johnson , 4th Dist. Athens No. 16CA6, 2016-Ohio-8575, 2016 WL 7737176, ¶ 15. In the case at bar, however, the trial court did enter R.C. 2929.14(C) findings.
{¶ 55} Accordingly, appellant's sentence is authorized by law.[5]
3
Court Imposed Jointly-Recommended Sentence
{¶ 56} Lastly, in the case sub judice, the sentencing judge imposed the parties' jointly-recommended sentence. According to the trial court, the parties agreed that appellant would receive a nine-and-one-half-year prison term, if he violated the conditions of his bond. Appellant did, in fact, violate the conditions of his bond, and the trial court sentenced appellant to a nine-and-one-half-year prison term. Thus, the trial court sentenced appellant in accordance with the parties' jointly-recommended sentence. Thus, all three of the requirements set forth in R.C. 2953.08(D)(1) apply. Consequently, appellant's sentence is not subject to appellate review.
C
SENTENCE NOT CONTRARY TO LAW
{¶ 57} Assuming, arguendo, that the nine-and-one-half-year sentence was not part of the plea agreement,[6] and that the trial court's sentence is thus appealable, we do not believe that appellant has shown that his sentence is contrary to law.
{¶ 58} We note that generally, a "trial court is not bound by a [sentencing] recommendation." State v. Bailey , 5th Dist. Knox No. 05-CA-13, 2005-Ohio-5329, ¶ 15, 2005 WL 2462537. " 'A trial court does not err by imposing a sentence greater than "that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." ' " State ex rel. Duran v. Kelsey , 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6, quoting State v. Buchanan , 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.), quoting *126 State v. Pettiford , 12th Dist. Fayette No. CA2001-08-014, 2002 WL 652371, *3 (Apr. 22, 2002). When the trial court imposes a sentence other than the jointly-recommended sentence, then the last clause of R.C. 2953.08(D)(1) would render the statute inapplicable, and hence, the sentence would be appealable.
{¶ 59} In the case sub judice, assuming, arguendo, that the nine-and-one-half-year prison term was not part of the plea agreement, then the court imposed a sentence other than the jointly-recommended sentence, and we may review appellant's sentence in accordance with the standard set forth in R.C. 2953.08(G)(2). As we stated earlier, under R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." Marcum at ¶ 1. This is a deferential standard. Id. at ¶ 23. Additionally, although R.C. 2953.08(G) does not mention R.C. 2929.11 or 2929.12, the Ohio Supreme Court has determined that the same standard of review applies to findings made under those statutes. Id. (stating that "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court," meaning that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence").
"Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."
Id. at ¶ 22, quoting Cross v. Ledford , 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.
"It is important to understand that the 'clear and convincing' standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that '[t]he appellate court's standard for review is not whether the sentencing court abused its discretion.' As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.
It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review."
State v. Butcher , 4th Dist. Athens Nos. 15CA33 and 15CA34, 2017-Ohio-1544, 2017, 2017 WL 1507209 WL 1507209, ¶84, quoting State v. Venes , 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 20-21.
{¶ 60} In the case at bar, we do not believe that clear and convincing evidence shows that the record fails to support appellant's sentence. We do not find any clear and convincing evidence in the record to indicate that the trial court failed to consider all relevant sentencing factors. To the contrary, the record demonstrates *127 that the trial court was well-aware of the sentencing factors and entered appropriate findings. The trial court's sentencing entry states that the court considered (1) the purposes and principles of sentencing, (2) the seriousness and recidivism factors, (3) whether to impose a mandatory prison sentence, and (4) whether to impose consecutive sentences. The sentencing hearing transcript also shows that the trial court considered the appropriate statutory factors and made relevant findings. Moreover, as we previously determined, appellant's eight-year and eighteen-month prison terms are authorized by law. See R.C. 2929.14(A)(2) and (4). Furthermore, a " 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." State v. Johnson , 2d Dist. Clark No. 2013-CA-85, 2014-Ohio-2308, ¶ 8, 2014 WL 2475589, citing State v. King , 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2nd Dist.) ; accord State v. Robinson , 4th Dist. Lawrence No. 13CA18, 2015-Ohio-2635, ¶ 38, 2015 WL 3991050 (stating that trial courts are "not required to make findings or give reasons for imposing more than the minimum sentence"). Thus, courts have "refused to find that a sentence is contrary to law when the sentence is in the permissible range and the court's journal entry states that it 'considered all required factors of the law' and 'finds that prison is consistent with the purposes of R.C. 2929.11.' " State v. Williams , 8th Dist. Cuyahoga No. 100042, 2014-Ohio-1618, 2014 WL 1513846, ¶ 17, quoting State v. May , 8th Dist. Cuyahoga No. 99064, 2013-Ohio-2697, ¶ 16, 2013 WL 3328823 ; accord State v. Haddad , 10th Dist. Franklin Nos. 16AP-459 and 16AP464, 88 N.E.3d 556, 2017-Ohio-1290, ¶19 ; State v. Neal , 4th Dist. Lawrence Nos. 14CA31 and 14CA32, 2015-Ohio-5452, 2015 WL 9462118, ¶61. Consequently, we do not find clear and convincing evidence that the record fails to support the trial court's findings or that the court's sentence is contrary to law.
D
MERGER
{¶ 61} Appellant nevertheless asserts that the trial court plainly erred by failing to inquire at sentencing whether his possession of heroin and possession of cocaine offenses merge.
{¶ 62} We initially note that R.C. 2953.08(D) does not preclude an appellant from arguing that a jointly-recommended sentence erroneously includes multiple sentences for allied offenses of similar import. In State v. Underwood , 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, the court held that a jointly-recommended sentence that includes multiple sentences for allied offenses of similar import is not "authorized by law." Id. at ¶ 1. The court thus held that R.C. 2953.08(D) does not preclude appellate review of jointly-recommended sentences that include multiple sentences for allied offenses of similar import. Id. at ¶ 33.
{¶ 63} In the case sub judice, appellant did not argue before the trial court that his two drug-possession-offenses merge. Thus, appellant forfeited the right to raise this issue on appeal. It is well-established that " ' "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." ' " State v. Quarterman , 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15, quoting *128 State v. Awan , 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting State v. Childs , 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus. Appellate courts nevertheless have discretion to consider forfeited issues using a plain-error analysis. E.g., Risner v. Ohio Dept. of Natural Resources, Ohio Div. of Wildlife , 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 27 ; Quarterman at ¶ 16. Crim.R. 52(B) provides appellate courts with discretion to correct "[p]lain errors or defects affecting substantial rights." "To prevail under the plain-error standard, a defendant must show that an error occurred, that it was obvious, and that it affected his substantial rights," i.e., the trial court's error must have affected the outcome of the trial. State v. Obermiller , 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 62, citing State v. Barnes , 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. "We take '[n]otice of plain error * * * with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " Obermiller at ¶ 62, quoting State v. Long , 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). "Reversal is warranted only if the outcome of the trial clearly would have been different absent the error." State v. Hill , 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001).
{¶ 64} A defendant demonstrates plain error by showing that a trial court imposed multiple offenses for allied offenses of similar import. Underwood at ¶ 31. A defendant cannot, however, establish plain error based upon a bare allegation that the trial court failed to inquire whether offenses merge. State v. Rogers , 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 1 and ¶ 3 ; accord State v. Daniels , 1st Dist. Hamilton No. C-160203, 2017-Ohio-548, 2017 WL 657574, ¶ 14. Instead, in order to establish that the trial court plainly erred by failing "to inquire whether the convictions merge for purposes of sentencing was plain error," the defendant must "demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus." Rogers at ¶ 3 ; accord State v. Williams , 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 25.
{¶ 65} In the case sub judice, appellant has also not demonstrated a reasonable probability that the trial court imposed separate sentences for his two drug-possession offenses. Appellant's drug-possession offenses involve different drugs-heroin and cocaine. It is elementary that "[t]he simultaneous possession of different types of controlled substances can constitute multiple offenses under R.C. 2925.11." State v. Delfino , 22 Ohio St.3d 270, 490 N.E.2d 884 (1986), syllabus; e.g., State v. Rice , 5th Dist. Licking No. 16-CA-87, 2017-Ohio-1504, 2017 WL 1436378, ¶ 12, quoting State v. Hughes , 2016-Ohio-880, 60 N.E.3d 765, ¶ 25 (5th Dist.), quoting Houston v. Erdos , S.D.Ohio No. 1:14-CV-956, 2016 WL 126896, *12 (Jan. 12, 2016) (citations omitted) (noting that Ohio courts have agreed the legislature clearly intended possession of different drugs to constitute separate offenses, and thus, if different drugs and different amounts are involved, "[m]erger as allied offenses is simply not correct * * *"); State v. Dodson , 9th Dist. Medina No. 16CA0020-M, 2017-Ohio-350, 2017 WL 420585, ¶ 12 ; State v. Houston , 4th Dist. Scioto No. 12CA3472, 2013-Ohio-686, ¶ 55, 2013 WL 772800.
{¶ 66} Furthermore, because the trial court did not conclude that the defendant was found "guilty of two or more offenses that are allied offenses of similar import," "imposing separate sentences" is not contrary to law and the sentences are not void. State v. Williams , 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 2. As a *129 result, the multiple sentences for appellant's possession of heroin and possession of cocaine offenses are not unauthorized by, or contrary to, law. See State v. Vandersspool , 8th Dist. Cuyahoga Nos. 104444 and 104512, 2017-Ohio-962, 2017 WL 1034562, ¶9 (rejecting defendant's claim that jointly-recommended sentence unauthorized by law when defendant failed to argue before trial court that offenses should merge).
{¶ 67} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.
III
MOTION TO SUPPRESS
{¶ 68} In his third assignment of error, appellant argues that the trial court erred by overruling his motion to suppress evidence. We believe, however, that appellant's guilty plea waived his right to challenge on appeal any error associated with the trial court's decision denying his suppression motion.
{¶ 69} A guilty plea constitutes "an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." Menna v. New York , 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), fn.2 ; Crim.R. 11(B)(1) ; accord United States v. Broce , 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (explaining that a guilty plea and subsequent conviction "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence"). Therefore, a guilty plea " 'renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.' " State v. Fitzpatrick , 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78, quoting Menna , 423 U.S. at 62, fn.2, 96 S.Ct. 241 ; accord State v. Rogers , 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 19. Consequently, a defendant who voluntarily, knowingly, and intelligently admits "in open court that he is in fact guilty of the offense with which he is charged * * * may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson , 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ; Fitzpatrick at ¶ 78. In other words, a voluntary, knowing, and intelligent guilty plea waives any alleged constitutional violations unrelated to the entry of the guilty plea and nonjurisdictional defects in the proceedings. State v. Ketterer , 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 105 ; State v. Storms , 4th Dist. Athens No. 05CA30, 2006-Ohio-3547, 2006 WL 1882428, ¶ 9. Consequently, a guilty plea " 'effectively waives all appealable errors at trial unrelated to the entry of the plea.' " Ketterer at ¶ 105, quoting State v. Kelley , 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus.
{¶ 70} In the case at bar, appellant entered a guilty plea. Ohio courts routinely hold that a guilty plea waives the right to challenge on appeal a trial court's decision denying a motion to suppress evidence. State v. Obermiller , 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 55 (stating that by pleading guilty, defendant waives "right to raise any allegations of constitutional violations flowing from the trial court's resolution of his suppression motion" and thus, defendant is "barred from raising on appeal his challenges related to the motion to suppress"); e.g., State v. Crawford , 2nd Dist. Montgomery No. 27046, 2017-Ohio-308, 2017 WL 390253, ¶ 9 ;
*130 State v. Spangler, 4th Dist. Lawrence No. 16CA4, 2016-Ohio-8583, 2016 WL 7826635, ¶¶ 16-17; State v. Beasley , 2016-Ohio-1603, 49 N.E.3d 378, ¶ 7 (1st Dist.). Appellant's guilty plea thus waived his right to challenge the trial court's decision denying his motion to suppress. Appellant is therefore barred from raising this issue on appeal.
{¶ 71} Furthermore, we find appellant's attempt to classify his challenge to the trial court's decision denying his motion to suppress as a challenge to the voluntariness of his guilty plea unavailing. Appellant claims that "the trial court's failure to grant Appellant's motion to suppress undoubtedly prevented Appellant from voluntarily entering his plea." He asserts that after the court denied his motion to suppress, he attempted to enter a no-contest plea, but the court would not allow him to do so, and his trial counsel "forced" appellant to enter a guilty plea. Appellant thus contends that "the record clearly indicates that the Appellant was precluded from voluntarily entering his plea." In our discussion of his first assignment of error, however, we rejected appellant's assertion that trial counsel forced him to enter a guilty plea.
{¶ 72} Moreover, appellant does not sufficiently explain the relationship between his attempt to enter a no-contest-plea and his suppression motion so as to formulate an argument that the trial court's decision denying his suppression motion impacted his ability to enter a voluntary plea. Rather, we believe appellant merely sets forth unsupported rhetoric in an attempt to circumvent the rule that a defendant's guilty plea waives the right to challenge on appeal a trial court's decision denying a suppression motion.
{¶ 73} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
Harsha, J.: Concurs with Concurring Opinion
Hoover, J.: Concurs in Part & Dissents in Part with Opinion

The trial court dismissed the remaining counts of the indictment.

See State v. Billingsley , 133 Ohio St.3d 277, 2012-Ohio-4307, 978 N.E.2d 135, ¶ 25 ("In felony cases, when a defendant offers a negotiated plea of guilty, 'the underlying agreement upon which the plea is based shall be stated on the record in open court.' Crim.R. 11(F). Prudence also dictates that a plea agreement be in writing.") (citation omitted).

If appellant claims that he was told otherwise, any such statements would be extraneous to the record presented on appeal and not properly considered at this stage of the proceedings.

R.C. 2929.14(C)(4) states:
If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

See also our discussion of appellant's merger argument, infra , to the extent it relates to whether a sentence is authorized by law.

At the start of the sentencing hearing, the court stated:
[O]n January 6, 2016, [appellant] entered a negotiated plea, which he absolutely recognized was not appealable. He was told he would get a four year mandatory prison term on the felony two, Possession of Heroin, 18 months non-mandatory on the Possession of Cocaine, and also I told him very clearly if he failed to abide to his conditions of bond he'd get nine and one half years.
This statement might be interpreted to mean that the court informed appellant what sentence the court would impose if he violated the conditions of his bond, and not that the nine-and-one-half-year prison term was included in the plea agreement. We further point out that the record does not contain a written plea agreement that might clarify whether the nine-and-one-half-year prison sentence is included in the agreement.