[Cite as *State v. Herman*, **2016-Ohio-2871.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                                  Court of Appeals No. WM-15-006

      Appellee                                           Trial Court No. TRD1502655

v.

Tyler A. Herman                                      **DECISION AND JUDGMENT**

      Appellant                                          Decided:  May 6, 2016

* * * * *

Rhonda L. Fisher, Bryan City Attorney, for appellee.

Clayton J. Crates, for appellant.

* * * * *

**YARBROUGH, J.**

{¶ 1} This is an accelerated appeal from the judgment of the Bryan Municipal Court, convicting appellant, Tyler Herman, of one count of drag racing in violation of Bryan Municipal Code Section 333.07, a misdemeanor of the first degree.[1]  For the reasons that follow, we reverse.

---

[1] The Bryan Municipal Code refers to the offense as "street racing," but the ticket and the court used the term "drag racing."

## I. Facts and Procedural Background

{¶ 2} On July 2, 2015, appellant appeared in the Bryan Municipal Court to be arraigned on the charge of drag racing. Prior to the cases being called, the court played a recorded video message of the judge giving the defendants their rights.

{¶ 3} Upon reaching the podium after his case was called, appellant signed a form acknowledging that he was informed of the charge against him, his rights including the right to counsel and to a jury trial, and the nature of the pleas of not guilty, guilty, no contest, and not guilty by reason of insanity. The trial court then informed him that he was charged with drag racing, which carries a potential fine of up to $1,000, a potential jail sentence of up to 180 days, and a driver's rights suspension. When asked how he wished to plead, appellant entered a plea of guilty.

{¶ 4} The court then instructed appellant to read a waiver form located on the podium, and to understand that by entering the plea he was waiving the rights read to him in the recording. The court further stated that if appellant understood the rights he was waiving, then he must initial on the four lines corresponding to the waiver of those rights.

{¶ 5} Upon receiving the written waiver form, the prosecution offered the factual basis for the charge, following which the trial court found appellant guilty. The court then sentenced appellant to pay a fine of $500 plus costs, and ordered a driver's rights suspension of 180 days.

{¶ 6} Appellant has timely appealed his judgment of conviction, asserting three assignments of error for our review:

2.

1.  The Trial Court Erred to the Prejudice of the Appellant by failing to properly inform him of his rights prior to asking for his plea, violating Ohio Traffic Rule 8 and failing to determine whether counsel should be appointed violating Ohio Rules of Criminal Procedure 22 and 44.

2.  Any waiver of Appellant's rights, including his right to counsel, was not done knowingly and intelligently and is therefore invalid.

3.  The Trial Court Erred to the Prejudice of the Appellant by Accepting a Plea when the appellant was not fully informed as to all the consequences of the plea in violation of Traffic Rule 10.

## II. Analysis

{¶ 7} In his brief, appellant addresses his three assignments of error together, thus we will do the same.

{¶ 8} First, appellant argues that the trial court failed to comply with Traf.R. 8(B), which states:

> **(B) Arraignment procedure.** Arraignment shall be conducted in open court and shall consist of reading the complaint to the defendant, or stating to him the substance of the charge, and calling on him to plead thereto. The defendant shall be given a copy of the complaint, or shall acknowledge receipt thereof, before being called upon to plead and may in open court waive the reading of the complaint.

3.

Appellant contends that the court did not determine that he received a copy of the complaint before being called upon to enter a plea. Therefore, appellant asserts that he was not sufficiently informed of the charge against him, particularly where the municipal code contains no offense of "drag racing."

{¶ 9} Upon review, we hold that the trial court complied with Traf.R. 8(B), and that appellant was sufficiently informed of the charge against him. Pursuant to Traf.R. 3(A), "the complaint and summons shall be the 'Ohio Uniform Traffic Ticket.'" Here, the record contains the uniform traffic ticket, which was signed by appellant, and which listed the offense as drag racing in violation of ordinance 333.07. In addition, the record contains appellant's signed "Statement of Rights and Acknowledgment" in which appellant acknowledged that "I have been given a copy of the charge/ticket." Finally, the transcript reveals that the trial court told him that he was being charged with drag racing. As to appellant's argument that being informed of the charge of "drag racing" was not sufficient when the name of the offense is "street racing," we disagree. Here, the ticket referred appellant to the proper ordinance section, and we can find no inherent confusion between the synonymous terms "street racing" and "drag racing." *See Barberton v. O'Connor*, 17 Ohio St.3d 218, 221, 478 N.E.2d 803 (1985) ("[A] complaint prepared pursuant to Traf.R. 3 simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand."). Therefore, we find appellant's first argument to be without merit.

4.

{¶ 10} In his second argument, appellant contends that the trial court failed to comply with Traf.R. 8(D). Relatedly, in his third argument, appellant contends that any waiver of his right to counsel was not done in accordance with Traf.R. 10 and Crim.R. 44, and thus was not made knowingly and intelligently.

{¶ 11} Traf.R. 8(D) provides,

**(D) Explanation of rights.** Before calling upon a defendant to plead at arraignment the judge shall cause him to be informed and shall determine that defendant knows and understands:

(1) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Criminal Rule 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel;

(2) That he has a right to bail as provided in Rule 4;

(3) That he need make no statement at any point in the proceeding; but any statement made may be used against him;

(4) That he has, where such right exists, a right to jury trial and that he must, in petty offense cases, make a demand for a jury pursuant to Criminal Rule 23;

(5) That if he is convicted a record of the conviction will be sent to the Bureau of Motor Vehicles and become part of his driving record.

5.

{¶ 12} Here, the record contains the audio recording and a transcript of the general instructions given to all defendants, which includes an explanation of the rights enumerated in Traf.R. 8(D), as well as the effect of the pleas of guilty, no contest, and not guilty. We find that such a recording was a permissible method to adequately inform appellant of those rights. *See* Traf.R. 8(E) ("If there are multiple defendants to be arraigned, the judge may advise, or cause them to be advised, of their rights by general announcement."); Traf.R. 10(D) ("In misdemeanor cases involving petty offenses, * * * the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. This information may be presented by general orientation or pronouncement.").

{¶ 13} However, in addition to informing appellant of his rights, the trial court also "*shall determine that defendant knows and understands*" those rights. Traf.R. 8(D). This requires an individualized inquiry. *State v. Donkers*, 170 Ohio App.3d 509, 2007-Ohio-1557, 867 N.E.2d 903, ¶ 42 (11th Dist.); *State v. Baratko*, 9th Dist. Medina No. 1654, 1988 WL 40390, *1 (Apr. 27, 1988). Similarly, when waiving counsel, "[A] meaningful dialogue between the trial court and a defendant is required whenever the possibility of incarceration exists and a written waiver of counsel does not satisfy such requirement." *State v. Groner*, 7th Dist. Mahoning No. 96 C.A. 144, 1998 WL 158856, *5 (Mar. 31, 1998), citing *Garfield Hts. v. Brewer*, 17 Ohio App.3d 216, 218, 479 N.E.2d 309 (8th Dist.1984).

6.

**{¶ 14}** In this case, no dialogue between the court and appellant occurred. Therefore, we hold that the trial court failed to comply with the requirement of Traf.R. 8(D) to determine that appellant knew and understood the rights he was waiving, particularly the right to counsel. Accordingly, appellant's assignments of error are well-taken.

### III. Conclusion

**{¶ 15}** For the foregoing reasons, the judgment of the Bryan Municipal Court is reversed and vacated. This matter is remanded to the trial court for a new arraignment and proceedings in accordance with this decision. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____
JUDGE

Stephen A. Yarbrough, J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.