[Cite as *State v. Dick*, 2018-Ohio-2207.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 17CA1049 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| KAYLEE DICK, | : | **RELEASED: 05/30/2018** |
| Defendant-Appellant. | : | |

<u>APPEARANCES</u>:

Tyler E. Cantrell, Office of Young & Caldwell, L.L.C., West Union, Ohio, for appellant.

David Kelley, Adams County Prosecuting Attorney, and Kris D. Blanton, Adams County Assistant Prosecuting Attorney, West Union, Ohio, for appellee.

Harsha, J.

{¶1}  Kaylee Dick appeared at her arraignment without counsel and pleaded guilty to a charge of operating a motor vehicle while under the influence of alcohol/drug of abuse ("OVI").  Dick subsequently secured counsel and before sentencing moved to withdraw her plea.  After a hearing the Adams County Court denied the motion and ultimately sentenced her.  Dick asserts that the trial court abused its discretion by denying her presentence motion to withdraw her plea.

{¶2}  When the court arraigned Dick, who appeared without counsel, it failed to advise her of her rights under Traf.R. 8(D), misrepresented her maximum penalties, and did not obtain a waiver of counsel on the record.  Because we agree that the trial court erred by denying her motion, we sustain her sole assignment of error.

I. FACTS

{¶3}  Very early on a Sunday morning an Ohio State Highway Patrol trooper issued citations charging Kaylee Dick with one first-degree misdemeanor count of

operating a motor vehicle while under the influence ("OVI"), and three minor misdemeanors.  The complaint charging Dick with OVI alleged that she had violated R.C. 4511.19(A)(1)(a), by operating the car while under the influence of alcohol/drug of abuse, and that she had a prohibited blood-alcohol concentration of .02.

**{¶4}**    On Monday afternoon the Adams County Court arraigned several defendants, including Dick.  Initially the court informed every defendant waiting for their individual arraignment about the four different ways they could plead:  not guilty by reason of insanity, not guilty, guilty, and no contest.  Regarding the not guilty plea, the trial court stated:  "[a]nd if you can't afford an attorney and you[']r[e] faced with the possibility of going to jail, we'll appoint one for ya."  The trial court noted that a guilty plea "is your affirmative admission that yeah [sic] I broke the law, whatever law it is that I happen to read of to you.  And you're going to be found guilty, you admit you did it."

**{¶5}**    The court then noted the constitutional rights they would be giving up if they pleaded guilty or no contest, including "your right to a lawyer" and "your right to confront * * * or have your lawyer question, anyone who has * * * evidence against you."

**{¶6}**    When the trial judge arraigned Dick, he asked her how old she was; after she responded that she was 20 years old, he advised her on each charge and the general penalties she faced.  Addressing the OVI charge, the court informed her that she could receive "3 days in jail, up to six months, a $375 fine, and a mandatory six months driver's license suspension,".  However, the judge did not tell her that the maximum penalties for the crime actually include a $1,075 fine, three-year driver's license suspension, driver intervention program, restricted license plates, and increased penalties for future OVI charges.

{¶7} The trial court then asked whether Dick understood all the charges, and after she answered affirmatively, the court accepted her guilty plea to the charges, including the OVI:

COURT:  On, do you understand all the charges?

KAYLEE DICK:  Yes. Sir.

* * *

COURT:  DUI, how do you wish to plead?

KAYLEE DICK:  Guilty.

{¶8} The trial court then imposed fines on the three minor misdemeanors, but ordered a presentence investigation and set a date for sentencing on the OVI conviction.  The court also instructed Dick to complete the drivers' intervention program before sentencing.

{¶9} Three days before the scheduled sentencing hearing, Dick's recently retained legal counsel filed a motion to withdraw her prior plea of guilty to the OVI charge.  The motion claimed that Dick did not have sufficient time to consult an attorney before her scheduled arraignment, was not informed of all the collateral consequences of her guilty plea to the OVI charge, and had available defenses to the OVI charge.  She claimed innocence and that she did not knowingly make the plea because she did not have the advice of an attorney at that time.

{¶10} At the evidentiary hearing on her motion, Dick testified that:  (1) she was 20 years old and had never made a plea before; (2) she was unable to seek the advice of counsel and had not spoken to one because of the abbreviated time between her citation and her arraignment; (3) she did not know what she was doing at the

arraignment; (4) she decided to seek the advice of counsel after she completed the drivers' intervention program; (5) after speaking to counsel, she believed she had defenses available to her; (6) she had graduated high school and taken a year and a half of college business courses; (7) the day of the arraignment, her mother told her to just plead guilty to everything; and (8) she pled guilty to the OVI charge because that's what her mom told her to do. After hearing the evidence and arguments, the trial court denied Dick's motion, finding "that she was properly advised of all of the rights, she was waiving. That she acknowledged the same, and that she chose to follow her mother's advice." In its entry denying the motion the trial court reiterated its findings: "THE DEFENDANT WAS PROPERLY ADVISED OF ALL THE RIGHTS SHE WAS WAIVING; THAT SHE ACKNOWLEDGED THE SAME AND THAT SHE CHOSE TO FOLLOW HER MOTHER[']S ADVICE."

**{¶11}** The trial court sentenced her to 60 days in jail, with 40 days suspended and one year of community control, credited her for the remaining 20 days of her jail sentence because she had completed the drivers' intervention program, fined her $375, and suspended her driver's license for 180 days, retroactive to March 2017.

## II. ASSIGNMENT OF ERROR

**{¶12}** Dick assigns the following error for our review:

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING
DEFENDANT'S MOTION TO WITHDRAW HER FORMER PLEA OF
GUILTY.

## III. STANDARD OF REVIEW

**{¶13}** Because a trial court possesses discretion to grant or deny a presentence motion to withdraw a plea, we must not reverse the court's decision absent an abuse of

that discretion. *see State v. Ross*, 2017-Ohio-9400, __ N.E.3d __, ¶ 42 (4th Dist.), citing *State v. Fry*, 4th Dist. Scioto No. 14CA3604, 2014-Ohio-5016, ¶ 13; *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph two of the syllabus ("The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court").

{¶14} An "abuse of discretion" implies that a court's attitude is unreasonable, arbitrary or unconscionable. *State v. Herring*, 94 Ohio St.3d 246, 255, 762 N.E.2d 940 (2002); *State v. Adams*, 60 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). In reviewing for an abuse of discretion, it is not our task to simply substitute our judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

IV. LAW AND ANALYSIS

{¶15} Claiming the trial court failed to comply with Crim.R. 11, Dick asserts that the court abused its discretion by denying her presentence motion to withdraw her guilty plea. The state counters that the trial court accorded Dick a full Crim.R. 11 hearing before she entered her guilty plea. However, both parties focus on the wrong rule, which does not directly apply to the OVI charge here. *See* Traf.R. 1(A) and 2(A), describing the scope of the Ohio Traffic Rules to include traffic cases and defining traffic cases to include any misdemeanor proceeding "that involves one or more violations of a law, ordinance, or regulation governing the operation and use of vehicles"; Crim.R. 1(C) ("These rules, to the extent that they would by their nature be clearly inapplicable, shall

not apply to procedure * * * (3) in cases covered by the Uniform Traffic Rules");

*see also State v. Everson*, 6th Dist. Lucas No. L-17-1138, 2018-Ohio-323, ¶ 8

(traffic rules apply in lieu of criminal rules in cases involving the violation of a

traffic law).

{¶16}  Although this is a traffic case primarily governed by the Ohio Traffic Rules,

Crim.R. 32.1 is applicable to her pre-sentence motion to withdraw her guilty plea

because "[i]f no procedure is specifically prescribed by [the Ohio Traffic Rules], the

Rules of Criminal Procedure and the applicable law apply."  Traf.R. 20; *see also State v.*

*Brown*, 11th Dist. Lake No. 2017-L-038, 2017-Ohio-038 (applying Crim.R. 32.1 to a

post-sentence motion to withdraw a no contest plea).

{¶17}  Crim.R. 32.1 provides that "[a] motion to withdraw a guilty plea may

be made only before sentence is imposed; but to correct manifest injustice the

court after sentence may set aside the judgment of conviction and permit the

defendant to withdraw his or her plea."  " '[A] presentence motion to withdraw a

guilty plea should be freely and liberally granted.' "  *State v. Ketterer*, 126 Ohio

St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 57, quoting *Xie*, 62 Ohio St.3d 521,

527, 584 N.E.2d 715.  But "[a] defendant does not have an absolute right to

withdraw a guilty plea prior to sentencing.  A trial court must conduct a hearing to

determine whether there is a reasonable and legitimate basis for the withdrawal

of the plea."  *Xie* at paragraph one of the syllabus.  "A mere change of heart is

not a legitimate and reasonable basis for the withdrawal of the plea."  *State v.*

*Howard*, 2017-Ohio-9392, __ N.E.3d __, ¶ 24 (4th Dist.).

**{¶18}** We have previously identified a nonexclusive list of nine factors that appellate courts should consider when reviewing a trial court's decision on a presentence motion to withdraw a guilty plea:  (1) whether highly competent counsel represented the defendant; (2) whether the trial court afforded the defendant a full Crim.R. 11 hearing before entering the plea; (3) whether the trial court held a full hearing on the defendant's motion to withdraw; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the defendant filed the motion within a reasonable time; (6) whether the defendant's motion gave specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges, the possible penalties, and the consequences of the plea; (8) whether the defendant is not guilty or has a complete defense to the charges; and (9) whether permitting the defendant to withdraw the plea will prejudice the state.  *See Howard* at ¶ 24, and cases cited. No one factor is conclusive, and the ultimate question is whether there exists a reasonable and legitimate basis for the withdrawal of the plea.  *Id.*

**{¶19}** In analyzing these factors it is apparent that Dick did not have the benefit of counsel before she pleaded guilty at her arraignment the day after she had been charged with OVI.  This factor weighs in her favor.

**{¶20}** Next, Dick claims that the trial court did not give her a full hearing because it advised her of just "some of her penalties, not all, [did] not fully describe[] the rights * * * which she would be giving up and if she was in fact giving up those rights[, and she] was not notified that she could have counsel

appointed for her or that she would be entitled to a reasonable continuance to retain counsel."

**{¶21}** As noted, the pertinent traffic rules here are Traf.R. 8(D), which governs the trial court's explanation of rights before calling a defendant to plead at arraignment, and Traf.R. 10(D), which provides the trial court's duty in misdemeanor cases involving petty offenses, like Dick's first-time OVI charge.

**{¶22}** Dick claims that she was not notified she could have counsel appointed for her or she would be entitled to a reasonable continuance to retain counsel before pleading. Traf.R. 8(D) states:

> Before calling upon a defendant to plead at arraignment the judge shall cause him to be informed and shall determine that defendant knows and understands:
>
> (1) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Criminal Rule 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel;
>
> (2) That he has a right to bail as provided in Rule 4;
>
> (3) That he need make no statement at any point in the proceeding; but any statement made may be used against him;
>
> (4) That he has, where such right exists, a right to jury trial and that he must, in petty offense cases, make a demand for a jury pursuant to Criminal Rule 23;
>
> (5) That if he is convicted a record of the conviction will be sent to the Bureau of Motor Vehicles and become part of his driving record.

**{¶23}** The trial court did not inform Dick of most of her rights under Traf.R. 8(D), which is similar to Crim.R. 10(C). That is, the trial court did not inform Dick at her arraignment before she was asked to plead that: (1) she had the right to counsel and the right to a reasonable continuance in the proceedings to secure

counsel; (2) she had a right to bail; (3) she need make no statement at any point in the proceeding, but any statement made may be used against her; (4) that she had, where the right existed, a right to jury trial and that she must, in petty offense cases, make a demand for a jury pursuant to Crim.R. 23; and (5) that if she was convicted a record of conviction would be sent to the Bureau of Motor Vehicles and become part of her driving record. The trial court did mention that upon entering a not guilty plea, she and the other defendants could be appointed an attorney if they could not afford one and they faced the possibility of jail. But the defendants initially had a right to counsel and a reasonable continuance to obtain one to determine if they should plead guilty or no contest. However, the court did not mention this right. Nor did the court obtain a waiver of counsel on the record.

**{¶24}** Traf.R. 8(D) requires the court to do more than just inform the defendant of her rights. The court can satisfy that duty with a general announcement. "If there are multiple defendants to be arraigned, the judge may advise, or cause them to be advised, of their rights by general announcement." Traf.R. 8(E). But the court also must determine the defendant knows and understands those rights. That duty requires an individualized colloquy between each defendant and the court. Here the trial court did not "determine that" Dick "knows and understands" all of the rights in Traf.R. 8(D) before calling upon her to enter her plea to the OVI charge. *See State v. Herman*, 6th Dist. Williams No. WM-15-006, 2016-Ohio-2871, ¶ 13, citing *State v. Donkers*, 170 Ohio App.3d 509, 2007-Ohio-1557, 867 N.E.2d 903, ¶ 42 (11th Dist.) (Traf.R. 8(D) requires an

individualized inquiry or meaningful dialogue between the court and the defendant concerning the rights being waived, including the right to counsel).

**{¶25}** Under these circumstances other courts have either invalidated the plea and reversed the conviction, *Herman*, or reversed the denial of a motion to withdraw the plea. *See State v. Gearig*, 6th Dist. Williams No. WM-09-012, 2010-Ohio-939, ¶ 29-31. That is, the "[f]ailure to comply with Crim.R. 10(C) constitutes 'prejudicial error.' " *Id.* at ¶ 16, quoting *State v. Orr*, 26 Ohio App.3d 24, 24, 498 N.E.2d 181 (11th Dist.1985); *Cuyahoga Falls v. Simich*, 5 Ohio App.3d 10, 448 N.E.2d 839 (9th Dist.1982) (prior to acceptance of a guilty plea to an OVI charge, the judge must determine that the defendant knows and understands the rights set forth in Traf.R. 8(D) and must inform the defendant of the effects of his plea pursuant to Traf.R. 10(D)").

**{¶26}** This court is no different. In *State v. Paul*, 4th Dist. Adams No. CA-980, 1980 WL 350963 (Jan. 24, 1980), we reversed the denial of a motion to withdraw a guilty plea in a non-traffic petty misdemeanor case involving the similarly worded Crim.R. 10(C). In Judge Stephenson's concurring opinion, he noted that the failure of the trial court to comply with the mandatory rule requirements, coupled with the promptness of the post-sentence motion, warranted a finding that the court erred in failing to allow withdrawal of the guilty plea. *Id.* at *3 (Stephenson, J., concurring) ("Even if it is concluded that a defendant fully understands his right to counsel, further inquiry, even in petty offense cases, of his desire and ability to retain counsel must be made"); *State v.*

*Alexander*, 4th Dist. Ross No. 15CA3492, 2016-Ohio-5015, ¶ 14 (citing the

concurring opinion in *Paul* with approval).

**{¶27}** Similarly, in *State v. Jordan*, 4th Dist. Gallia No. 00CA16, 2001 WL

1346129, *3 (Oct. 30, 2001), we held that a trial court erred when it denied a

post-sentence motion to withdraw a guilty plea where, among other reasons, the

trial court failed to comply with Traf.R. 8:

> Appellant also argues that the court failed to comply with Crim.R. 5,
> Crim.R. 10, and Traf.R. 8. We agree that the court did not fully comply
> with these rules in that appellant was not informed that he was entitled to
> a continuance to obtain counsel, could have counsel appointed if
> necessary, was not required to make any statements and any statements
> made could be used against him, and that a record of his conviction would
> be sent to the Bureau of Motor Vehicles and become part of his driving
> record. This information should have been provided to appellant before
> the court allowed him to proceed with a guilty plea, especially given his
> pro se status.

**{¶28}** In addition, Traf.R. 10(D), which is the misdemeanor petty-offense

analogue to Crim.R. 11(E), provides "[i]n misdemeanor offenses involving petty

offenses, except those processed in a traffic violations bureau, the court may

refuse to accept a plea of guilty or no contest, and shall not accept such pleas

without first informing the defendant of the effect of the plea of guilty, no contest,

and not guilty."

**{¶29}** "A trial court's obligations in accepting a plea depend upon the level

of offense to which the defendant is pleading." *State v. Jones*, 116 Ohio St.3d

211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 6, citing *State v. Watkins*, 99 Ohio St.3d

12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 25. "In accepting a plea to a

misdemeanor involving a petty offense, a trial court is required to inform the

defendant only of the effect of the specific plea being entered." *Jones* at

paragraph one of the syllabus. "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *Jones* at paragraph two of the syllabus. The appropriate language here was in the similarly worded Traf.R. 10(B)(1), which states that [t]he plea of guilty is a complete admission of the defendant's guilt." In its general announcement the trial court complied with this provision.

**{¶30}** We also reject Dick's claim that the trial court erred because it did not advise her of the maximum penalties for OVI. *See, e.g., State v. Hilderbrand*, 4th Dist. Adams No. 08CA864, 2008-Ohio-6526, ¶ 21 ("for misdemeanor petty offenses, there is no requirement that a trial court advise a defendant of the maximum penalty involved"). *See also State v. Klingsbergs,* 9th District, Wayne No. 10CA44, 2011-Ohio-6509, ¶9.

**{¶31}** Nevertheless, although the trial court had no duty under Traf.R. 10(D) to advise Dick of the maximum penalties for OVI, it did have a duty to provide her with accurate information concerning the maximum penalties once it decided to advise her of them. *See State v. Betts*, 4th Dist. Vinton No. 17CA706, 2017-Ohio-8595, ¶ 25 ("once a trial court chooses to provide an expanded explanation of the law, the information it provides must be accurate"). The trial court misinformed Dick that the maximum fine was $375 instead of $1,075, and that the mandatory driver's license suspension was six months instead of three years. *See* R.C. 4511.19(G)(1)(a)(iii) and (iv).

**{¶32}** Therefore, the court's noncompliance with the applicable rules in arraigning Dick and accepting her guilty plea, weighs heavily in Dick's favor.

**{¶33}** On the next factor Dick concedes that the trial court held a full hearing on her motion to withdraw her guilty plea; this weighs in the state's favor.

**{¶34}** We also find that the trial court gave full and fair consideration to Dick's motion. After holding a hearing the court stated on the record the basis for its denial of the motion. But the trial court erred in finding that Dick "was properly advised of all of the rights" that she was waiving; the court did not comply with Traf.R. 8(D). This factor thus weighs only minimally in the state's favor.

**{¶35}** Next the state admits Dick's motion, which she filed three days before sentencing, was filed within a reasonable time. This factor weighs in her favor.

**{¶36}** And Dick's motion did set forth specific reasons for the withdrawal of her guilty plea—she lacked time to consult an attorney between the issuance of the traffic citation charging her with OVI and her arraignment, she was not experienced in court proceedings and was not made aware of all the consequences of her plea, and she had available defenses to the charge. So this also weighs in her favor.

**{¶37}** At her arraignment the trial court did make an effort to explain the consequences of a guilty plea and asked Dick if she understood the charges. But the trial court did not inform her at the arraignment of her rights as required under Traf.R. 8(D) and misrepresented the maximum penalties for the OVI charge. This factor weighs in favor of Dick.

**{¶38}** Next, Dick claims she was not guilty and had a complete defense to the OVI charge because her blood-alcohol test result was exactly .02 of one gram by weight of alcohol per 210 liters of the person's breath, which just met the required alcohol content for a per se OVI violation based on blood-alcohol content. R.C. 4511.19(B)(3). She claims that because her test result was just at the threshold level and "any scientific tests ha[ve] a degree of uncertainty it is not unquestionable that [she] perhaps was not over the legal limit and therefore not guilty of the OVI charge."

**{¶39}** The state disputes this claim because the OVI charge was also premised on her test result of more than 200 nanograms per milliliter of her urine, which exceeded the legal limit of less than 35 ng/ml by more than five times. But the state cites no evidence in the record to support its claim. In fact, Dick was charged under R.C. 4511.19(A)(1)(a), and although there is a reference to a urine test, in addition to a breath test, in the traffic ticket, there is no indication of a result on the ticket or in the record. Therefore, under the state of the record before us, Dick may have a complete defense to the OVI charge. This factor weighs in her favor.

**{¶40}** Finally, the state identifies no prejudice that would result from permitting Dick to withdraw her guilty plea. This factor weighs in Dick's favor.

**{¶41}** In sum, seven factors weighed heavily in favor of allowing the withdrawal and two factors weighed minimally in favor of denying it. In the post-sentence context the failure to comply with rules like Traf.R. 8(D) warrants reversal of a trial court's denial of a post-sentence motion to withdraw guilty and

no contest pleas, even though a stricter manifest-injustice standard applies there.

*See Paul*, 1980 WL 350963, and *Jordan*, 2001 WL 1346129; *see also State v.*

*Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 25 (presentence

motion entitled to much more liberal treatment than post-sentence motion).

Logically, it follows that under the more liberal standard for presentence motions,

Dick has established reversible error.  This is not a case where the defendant

had a mere change of heart; instead, Dick had a reasonable and legitimate basis

for withdrawing her guilty plea.  We sustain her assignment of error.

### V. CONCLUSION

{¶42}  Having sustained her sole assignment of error, we reverse the

judgment of the trial court, and remand the cause to that court for further

proceedings consistent with this opinion.

JUDGMENT REVERSED

AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
   William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**