[Cite as *State v. Murg*, 2024-Ohio-666.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 112895 |
| JAYSON MURG, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 22, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-674032-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Melissa Riley, Assistant Prosecuting Attorney, *for appellee*.

John H. Lawson, *for appellant*.

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant Jayson Murg ("Murg") appeals from the trial court's order denying his motion to withdraw his guilty plea. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} On September 27, 2022, a Cuyahoga County Grand Jury indicted Murg on two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4); 14 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.332(A)(5); four counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3); and one count of possessing criminal tools in violation of R.C. 2923.24(A). The gross sexual imposition counts carried sexually violent predator specifications pursuant to R.C. 2941.148(A); the possessing criminal tools count carried a forfeiture specification relating to a cell phone and computers. The gross sexual imposition counts named Murg's seven-year-old niece as a victim; one count referred to touching her vagina and the other referred to touching her breasts.

{¶ 3} Murg initially pleaded not guilty to the indictment. On October 20, 2022, the court referred Murg for a competency evaluation and an evaluation to determine his eligibility for transfer to the mental health docket. On November 22, 2022, both parties stipulated to the report finding Murg competent to stand trial and ineligible for transfer to the mental health docket.

{¶ 4} On January 11, 2023, the court held a change-of-plea hearing. At this hearing, the assistant prosecuting attorney placed the plea offer on the record as follows: in exchange for pleading guilty to one count of gross sexual imposition, eight counts of pandering sexually oriented matter involving a minor, one count of illegal use of a minor in nudity-oriented material or performance, and one count of

possessing criminal tools with a forfeiture specification, the state would delete the sexually violent predator specification and the remaining counts. Additionally, the plea required Murg to agree to the following conditions: that the offenses are not allied offenses of similar import and that he would be classified as a Tier III sex offender.

{¶ 5} Defense counsel confirmed that that was her understanding of the plea agreement, and the court proceeded to engage Murg in a Crim.R. 11 plea colloquy. The court ultimately accepted Murg's guilty plea to the offenses outlined above. The court ordered a presentence-investigation report ("PSI") from the court psychiatric clinic.

{¶ 6} On February 28, 2023, the case proceeded to sentencing. Defense counsel addressed the court, confirming that she had reviewed the PSI and stating that Murg was extremely remorseful and has significant mental health issues, including several suicide attempts. Defense counsel also referred to a previous sex offense from the state of Maryland in 2016. Defense counsel requested a sentence on the low end of the applicable range. Murg also addressed the court and expressed regret and remorse for his actions.

{¶ 7} Murg's sister, and the mother of the named victim of Murg's gross sexual imposition offenses, addressed the court. She shared with the court the trauma her young daughter suffered, telling Murg that he "took advantage of [her] baby girl" and robbed her of her innocence. The assistant prosecuting attorney also addressed the court, stating:

And these are the types of cases that the [Internet Crimes Against Children] task force was created for because it's not — it's not just somebody looking at imaging that the rest of us deem to be wholly disgusting, but it's looking at that and then becoming somebody who touches a small child and that is the fear we have in all of these cases that we investigate.

The assistant prosecuting attorney further referred to Murg's pandering offenses, stating that she would not show the images to the court, but that the case involved two separate devices where images were discovered. According to the state, the images involved toddlers or young children; some of the images involved a child being restrained with handcuffs, and one of the images involved bestiality. The assistant prosecuting attorney also stated that none of the images related to the pandering charges were images of Murg's niece.

{¶ 8} At that point, defense counsel informed the court that Murg wished to withdraw his guilty plea. The following exchange occurred between the court and Murg:

> THE COURT: What is the basis for you wishing to withdraw your plea today?
>
> MURG: The basis is —
>
> THE COURT: Make sure you speak loudly so I can hear you.
>
> MURG: The basis is as such: As my sister made her accusation today that I took advantage of her daughter. And I will go ahead and notify the Court that my sister has failed her own daughter in the sense, and from the information I've gained from her daughter and the behavior that she's presented that she has failed to not only notice but to rectify any issues prior to my arrival in Ohio.
>
> I'm not blaming her daughter. With the actions that have occurred after my arrival, her daughter has only done what she has been taught. I understand the Internet Crimes Task Force is designed to stop crimes

against children on the internet.  And I do acknowledge that I do have an issue in that area with child pornography.  However, I want to withdraw my plea because I wonder — the decision to take the plea was based upon — based upon what my public defender had expressed what the law stated which was that the child is assumed innocent which does not allow for two parties to be innocent in that aspect as well, and the frustration with me wanting a jury trial and her expressing that it's her obligation to subpoena people.

I'm not — I do not — as I specified before, I regret horribly the events that have occurred and I regret horribly that have occurred prior to my arrival.  I did not desire or foresee any of these things occurring or happening.  And as I stated and I believe at this moment as well that my suicide was justified.  Why?  Because these things are incomprehensible to me.  It never should have happened, never even should have been a thing to possibly occur.  And I have — I have tried to breach the topic with my sister on a few occasions asking her to take certain precautions.  And — well, that is the reasoning.  There is more to the story than just what is being stated.  That's all I have.

If you find it necessary to maximize my punishment, feel free.  It does not change my revised goals.  I apologize for any inconvenience I've given anyone.  I apologize to my niece for not having the appropriate proper answers to rectify the situation.  I sincerely hope that my sister takes better precautions in the future with individuals besides myself in her own life.

{¶ 9}  The court then allowed the state to respond, and the assistant prosecuting attorney stated that based on Murg's statements, he did not have a reasonable or legitimate basis for withdrawing his plea.  Defense counsel then addressed the court, stating:

Your Honor, obviously I was here also for the plea.  At that point in time I did advise my client of his constitutional rights and the pertinent law with regards to what he was charged with in the indictment.  Obviously I am not here to go against what he took from those conversations, and if he feels that he was led astray in some way I would back him in asking for a — asking the Court to grant a motion to withdraw his plea at this time, Your Honor.

**{¶ 10}** The court then addressed Murg again and asked if there was anything further he would like to say with regard to withdrawing his plea. Murg stated:

> If I could only turn back time. I mean, I cannot do that. I can only do my best to speak in a way that's honest and understandable to those who need to know.
>
> From the onset of these events I knew this unfortunately was going to be the end result because I had no solutions for the issues at hand. And, unfortunately, Your Honor, you personally have not heard or understood what circumstances that these things, these horrible things, have occurred.
>
> I don't make an excuse for my anxiety-related behaviors I should have gotten better taken care of earlier. Unfortunately, there's no way — there's no way I could have predicted the circumstances I found myself under, and I certainly wish that it never ever happened because this was supposed to be a time of — a time of recovery for myself and rebuilding and I never expected the things that happened.
>
> I feel horrible for my niece and the things that she's gone through, and my other niece and nephew, and can't necessarily speak for my oldest nephew. I don't know. I wish I could give you my memories. I wish I could give you them all and then you can make your judgment from there. And that's all I have.

**{¶ 11}** The court then stated that it presided over Murg's plea hearing and did not recall any hesitation from Murg. The court stated that it did not have the transcript from Murg's plea hearing in front of it at the time. Further, the court stated that there has been no indication that from the time of Murg's plea on January 11, 2023, until the present that Murg had been contemplating withdrawing his plea. The court referred to Crim.R. 32.1. Following a brief disruption in the courtroom, Murg again began to speak. Ultimately, the state objected, and the court had a discussion with counsel for both parties off the record.

**{¶ 12}** The court then stated:

So after hearing from you, hearing from your lawyer, hearing from the State, reviewing the law in the case that I did review regarding vacating a plea prior to sentencing, *State v. Sandridge* * * *. In this case the trial court did not permit the defendant to withdraw his plea. It was a rape case. And again, I'm making the finding that while I don't have a copy of the transcript; one, you have a competent attorney representing you; two, while I don't have a copy of the transcript you were afforded a full Crim.R. 11 hearing before you entered your plea. I don't recall you ever being hesitant about it as well.

Since the time of your plea on January 11th there have been no motions filed to withdraw your plea. There's no indication in your Presentence Investigation Report that you wish to withdraw your plea as well. The Court provided you will a full hearing. You were permitted to speak at length as to any comments you wish to say. And also it appears that you didn't even indicate when you first came out and the Court inquired whether or not if there was any reason we shouldn't go forward with sentencing, there was no indication that you wished to withdraw your plea.

So I have fully and fairly considered your request, and your request is denied.

{¶ 13} The court then proceeded with sentencing. The court informed Murg of the registration requirements as a Tier III sex offender. The court imposed a prison term of five years on the gross sexual imposition count, 12 months on each count of pandering sexually oriented matter involving a minor, 12 months on the illegal use of a minor in nudity count, and 12 months on the possessing criminal tools count. The court ordered the sentences on gross sexual imposition, illegal use of a minor in nudity, possessing criminal tools, and one of the pandering counts to run consecutively to one another. The remaining sentences were ordered to be served concurrently for a total sentence of eight years.

{¶ 14} Murg filed a delayed notice of appeal and presents one assignment of error for our review:

The trial court erred and abused its discretion in denying appellant's oral motion to withdraw his guilty pleas prior to sentencing without testimony regarding defense counsel's background and without an engaged defense counsel to represent him.

**Law and Analysis**

{¶ 15} In his sole assignment of error, Murg argues that the trial court erred and abused its discretion by denying his oral presentence motion to withdraw his guilty plea. Specifically, Murg asserts that the trial court failed to properly inquire of defense counsel whether they were "highly competent counsel." Murg further argues that his defense counsel was minimally involved in the hearing on his oral motion to withdraw his plea.

{¶ 16} In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

{¶ 17} The decision to grant or deny a presentence motion to withdraw a guilty plea is within the trial court's discretion. *Id.* at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* at 527. The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450

N.E.2d 1140 (1983); *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463.

{¶ 18} Courts have traditionally considered nine factors when reviewing a trial court's decision denying a defendant's presentence motion to withdraw a guilty plea. *State v. Hopkins*, 8th Dist. Cuyahoga Nos. 112430 and 112704, 2023-Ohio-4311, ¶ 13. Those factors include whether a defendant was (1) represented by competent counsel, (2) given a full Crim.R. 11 hearing before he entered the plea, (3) given a complete hearing on the motion to withdraw, and (4) the record reflects that the court gave full and fair consideration to the plea withdrawal request. *Id.*, citing *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

{¶ 19} Additionally, consideration is given to whether (5) the motion was made in a reasonable time, (6) the motion stated specific reasons for withdrawal, (7) the defendant understood the nature of the charges and the possible penalties, and (8) the defendant had evidence of a plausible defense. *Id.*, citing *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995), *see also State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269. Finally, courts have considered (9) "'whether the state would be prejudiced if the defendant were permitted to withdraw his guilty plea.'" *Id.*, quoting *State v. Barnes*, 172 Ohio St.3d 63, 2022-Ohio-4486, 222 N.E.3d 537, ¶ 32 (Brunner, J., concurring), citing *State v. Richter*, 8th Dist. Cuyahoga Nos. 46122 and 46123, 1983 Ohio App. LEXIS 15476, 2 (Sept. 29, 1983).

{¶ 20} Because Murg does not make any arguments relating to any factor except whether he was represented by competent counsel, and because our review of the record indicates that each of those factors weighs in favor of denying Murg's motion to withdraw his plea, we will limit our analysis to the first factor.

{¶ 21} In support of his argument, Murg cites numerous cases, including the case cited by the trial court at the hearing, in which the court apparently engaged defense counsel in a discussion as to their qualifications. For example, in *State v. Sandridge*, the trial court asked defense counsel how long he had been an attorney, and defense counsel responded that he had been an attorney for 12 to 13 years, "handling 'these types of cases.'" *State v. Sandridge*, 8th Dist. Cuyahoga No. 101653, 2015-Ohio-1541, ¶ 20. Similar exchanges occur in the other cases cited by Murg. In the instant case, although the trial court referred to defense counsel as "highly competent counsel," no such exchange took place. While Murg points to no case law requiring a court to explicitly inquire as to defense counsel's experience or competence, he appears to be arguing that the failure to do so somehow renders the trial court's denial of his motion to withdraw his plea an abuse of discretion. We are not persuaded.

{¶ 22} Nothing in the record indicates that Murg was not represented by highly competent counsel, and the trial counsel's decision not to inquire as to defense counsel's experience does not change this fact. Further, Murg offers nothing in support of his implicit argument that a trial court cannot or should not determine the competency of attorneys practicing before them.

**{¶ 23}** With respect to Murg's argument that his counsel was not permitted to participate in the hearing on his motion to withdraw his plea, we note that this assertion is unsupported by the record. The trial court conducted a full hearing and offered all parties involved, including defense counsel, the opportunity to address the court. The court began by asking if there was any reason the court should not proceed with sentencing; defense counsel said there was not. Both defense counsel and Murg then had the opportunity to independently address the court in advance of sentencing. Based on our thorough review of the record, this appears to be "'a classic change of heart case.'" *State v. Howard*, 2017-Ohio-9392, 103 N.E.3d 108, ¶ 44 (4th Dist.), quoting *State v. Frye*, 4th Dist. Scioto No. 14CA3604, 2014-Ohio-5016, ¶ 18. Both Murg and his counsel confirmed that Murg was ready for sentencing; Murg only attempted to withdraw his plea after hearing the heartfelt reflection from the mother of the victim on the harm he caused her daughter. Regret does not merit a grant of a motion to withdraw a guilty plea.

**{¶ 24}** For these reasons, the trial court properly denied Murg's motion to withdraw his guilty plea. Murg's assignment of error is overruled.

**{¶ 25}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR